**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, ) | No. 12-CV-144-PHX-PGR |
| )  Plaintiff, ) | |
| vs. ) | **ORDER** |
| Pure Assay Ingredients, Inc., ) | |
| )  Defendant. ) | |

Pending before the Court is Defendant's Motion to Stay Pending Patent Reexamination (Doc. 23.)[1] For the reasons set forth below, the Court will grant the motion.

Plaintiff ThermoLife International owns U.S. Patent No. 7,777,074 ("'074 Patent"). The '074 Patent issued on August 17, 2010, and covers certain amino acid compounds, including Citrulline Nitrate, used in dietary supplements. Defendant Pure Assay Ingredients also sells nutritional supplements. Plaintiff alleges that Defendant has infringed the '074 patent by selling and marketing products containing Citrulline Nitrate.

On December 17, 2010, a third party filed a request with the U.S. Patent & Trade Office ("PTO") for reexamination of the '074 Patent. The PTO granted the request. Reexamination proceedings are still pending.

On January 20, 2012, Plaintiff filed its Complaint in this action, bringing claims against Defendant for patent infringement, inducement of patent infringement, contributory

---

[1] Also pending is Plaintiff's Motion to Strike and Motion for Entry of Default. (Doc. 11.) The Court will deny this motion as moot. (See Docs. 28, 30.)

1  patent infringement, and false advertising. (Doc. 1.)  Defendant moved to stay the
2  proceedings pending the PTO's reexamination of the '074 Patent. (Doc. 23.)

3  "[C]ourts have inherent power to stay their proceedings pending the reexamination
4  of a patent," and "there is a liberal policy in favor of granting motions to stay proceedings
5  pending the outcome of USPTO reexamination . . . proceedings." *Medicis Pharm. Corp. v.*
6  *Upsher-Smith Laboratories, Inc.*, 486 F. Supp.2d 990, 993 (D. Ariz. 2007) (internal citation
7  and quotation marks omitted).  In determining whether to stay a case, courts consider
8  whether a stay will simplify the issues, (2) whether discovery is complete and a trial date set,
9  and (3) whether a stay would unduly prejudice the nonmoving party. *Id.* at 993–94.

10  On September 6, 2012, Defendant filed a Notice of Supplemental Authority, citing
11  *ThermoLife International LLC v. Vital Pharmaceuticals Inc.*, No. CV-11-2469-PHZ-GMS,
12  2012 WL 3821815 (D.Ariz. Sept. 4, 2012), in which the court granted the defendant's motion
13  to stay the action pending the outcome of the PTO's reexamination of the "'074 patent." The
14  court held that a stay was justified because the PTO determination would simplify the issues
15  presented, the case was still in its early stages, and a stay would not unduly prejudice
16  ThermoLife. *Id.* Subsequently, in *ThermoLife International LLC v. Hi-Tech*
17  *Pharmaceuticals, Inc.*, No. CV-12-1466-PHX-DGC, 2012 WL 6608778, at *2 (D.Ariz. Dec.
18  18, 2012), the court stayed proceedings after ThermoLife "conceded" that a stay was
19  appropriate based on the ruling in *ThermoLife v. Vital Pharmaceuticals*.

20  Accordingly,

21  **IT IS HEREBY ORDERED THAT:**

22  1.  Defendant's Motion to Stay Pending Patent Reexamination (Doc. 23) is
23  granted.

24  2.  This action is stayed pending the completion of the PTO's reexamination.
25  Plaintiff's counsel is directed to file a Status Report on or before February 15, 2013, and
26  every 60 days thereafter until the stay is lifted.

     3.    Within five days of receiving notice of the outcome of the reexamination, Plaintiff shall file and serve a notice of the outcome on this Court and Defendant.

     4.    Plaintiff's Motion to Strike and Motion for Entry of Default (Doc. 11) is denied.

DATED this 24th day of January, 2013.

*/s/ Paul G. Rosenblatt*
Paul G. Rosenblatt
United States District Judge